IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIGAIL FEIST, <br><br> Plaintiff, <br><br> v. <br><br> ARCADIA RECOVERY BUREAU, LLC, <br><br> Defendant. | CIVIL ACTION <br> NO. 21-2015 |

### MEMORANDUM

**SCHMEHL, J.**  /s/ JLS                                                                          September 19, 2022

Plaintiff, Abigail Feist, brings this action to recover statutory damages, costs and fees from Defendant, Arcadia Recovery Bureau, LLC, a debt collector, under the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. §§ 1692-1692p. Plaintiff asserts that Defendant violated § 1692c(b) of the FDCPA by providing information about her debt to a third-party mail vendor, which prepared and mailed her a dunning letter on Defendant's behalf. moves for judgment on the pleadings arguing, as a matter of law, that use of a letter vendor did not violate the FDCPA. Because Plaintiff lacks standing to pursue her claim, this matter will be dismissed for lack of subject matter jurisdiction and Defendant's motion will be denied as moot.

### I.  STATEMENT OF THE FACTS

Plaintiff filed her Complaint in this matter on April 30, 2021. (Docket No. 1). Plaintiff claims that Defendant violated Section 1692c(b) of the FDCPA because "Defendant sent Plaintiff a collection letter" and "utilized a third-party vendor to send the

letter." (*Id.,* ¶¶ 8-9). Plaintiff alleges that Defendant thus "disclosed Plaintiff's personal information to a third party in violation of the FDCPA." (Docket No. 1, ¶ 10).

Defendant filed a Motion for Judgment on the Pleadings, which Plaintiff opposed. Thereafter, the United States was permitted to intervene due to Defendant's constitutional challenge to the FDCPA. After argument in this matter, Defendant's motion is ripe for disposition. However, before the Court can address the merits of this matter, I must determine that the Court has subject-matter jurisdiction, which only exists if Plaintiff has standing. A review of the pleadings in this matter shows that Plaintiff has not alleged sufficient facts to establish standing because she did not allege that she suffered a concrete harm. Accordingly, I must dismiss Plaintiff's complaint without prejudice.

## II. DISCUSSION

Although Defendant does not challenge Plaintiff's standing to bring her claim, "federal courts 'have an obligation to assure [them]selves of litigants' standing under Article III.' " *See, e.g., Wayne Land & Min. Grp., LLC v. Delaware River Basin Comm'n,* 959 F.3d 569, 574 (3d Cir. 2020) (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006)). That obligation is particularly significant in the context of Plaintiff's claim, which raises the issue of whether "a simple procedural violation of the FDCPA automatically establish[es] a concrete injury, thereby providing the basis for plaintiff to sue[.]" *See Burris v. Weltman, Weinberg & Reis Co., L.P.A.*, 2022 WL 3580766, at *1 (M.D Pa. Aug. 19, 2022) (Kane, J.); *Barclift v. Keystone Credit Servs., LLC*, 2022 WL 444267, at *1 (E.D. Pa. Feb. 14, 2022) (Leeson, J.). Courts addressing FDCPA claims involving debt collectors' use of third-party mail vendors have therefore addressed standing *sua sponte* before deciding whether the claims state a viable cause of action. *See id.*;

*Madlinger v. Enhanced Recovery Co., LLC*, 2022 WL 2442430, at *3 (D.N.J. July 5, 2022) (Wolfson, C.J.).

Article III of the United States Constitution limits federal judicial power to the adjudication of live cases or controversies. *See Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257-58 (3d Cir. 2009) (citing U.S. Const. art. III, § 2). The case-or-controversy requirement "is satisfied only where a plaintiff has standing." *See id*. at 258 (*citing Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008)). A plaintiff does not have Article III standing unless: (1) "the plaintiff ... suffered a 'concrete,' 'particularized' injury-in-fact, which must be 'actual or imminent, not conjectural or hypothetical' "; (2) the "injury [is] 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court' "; and (3) "a favorable decision likely would redress the injury." *See Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 138 (3d Cir. 2009) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiff's claim that Defendant violated § 1692c(b) of the FDCPA by utilizing a third-party mail vendor to send her a collection letter relies on the Eleventh Circuit Court of Appeals' 2021 holding in *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016 (11th Cir. 2021) ("*Hunstein I*"). Hunstein brought suit arguing that a debt collector violated FDCPA § 1692c(b) by transmitting personal information to a commercial mail vendor. *See id*. at 1020. The district court dismissed the action, but on appeal, a panel of Eleventh Circuit judges concluded that Hunstein had Article III standing to press his claims and that he stated a cause of action under § 1692c(b). *See id.* The panel reaffirmed its holding upon rehearing, but a majority of Eleventh Circuit judges later vacated the panel's opinion and *sua sponte* ordered an *en banc* rehearing. Just recently, the 11th Circuit

issued its ruling, dismissing Hunstein's case because the plaintiff lacked standing to sue in federal court. *Hunstein*, 2022 WL 4102824, at *1 (11th Cir. Sept. 8, 2022) ("Hunstein II"). The Court stated that "[b]ecause Hunstein has alleged only a legal infraction — a 'bare procedural violation' — and not a concrete harm, we lack jurisdiction to consider his claim." *Id*., at *9. Even before the 11th Circuit's recent decision in Hunstein II that found a lack of standing, "[b]y and large, courts have concluded that a debt collector's use of a third-party mail vendor does not, without more, confer standing to pursue a claim for violations of § 1692c(b)." *Burris*, 2022 WL 3580766, at *3 (collecting cases).[1]

In the instant matter, a review of Plaintiff's Complaint shows that she does not allege any injuries whatsoever in her complaint—not reputational ones, not emotional ones, and not privacy-related ones. *See* Docket No. 1. She simply seeks damages because Defendant provided her information to the letter vendor. In essence, she is claiming that Defendant's conduct injured her in and of itself and conferred Article III standing upon her, entitling her to damages. However, I find the reasoning of the 11th Circuit in *Hunstein II* to be persuasive, in addition to the well-reasoned opinion of my colleague, Judge Leeson, in *Barclift*. Plaintiff in this matter has not alleged a concrete harm sufficient to confer standing upon her. As in *Barclift*, she "cannot rely on a bare procedural violation of the FDCPA alone to establish a concrete harm." *Barclift*, 2022 WL 444267, at *10. Accordingly,

---

[1] The Court is aware of several cases where courts have approved of the letter vendor theory. *See, e.g., Keller v. Northstar Location Servs.*, 2021 WL 3709183, at *2 (N.D. Ill. Aug. 20, 2021); *Thomas v. Unifin, Inc.*, 2021 WL 3709184, at *2 (N.D. Ill. Aug. 20, 2021); *Khimmat v. Weltman, Weinberg & Reis Co., LPA*, 2022 WL 356561, at *6 (E.D. Pa. Feb. 7, 2022); *Ali v. Credit Corp. Sols., Inc*., 2022 WL 986166 (N.D. Ill. Mar. 30, 2022); *Jackin v. Enhanced Recovery Co,. LLC*, 2022 WL 2111337 (E.D. Wash. June 10, 2022). However, these cases are distinguishable from the instant matter for one of two reasons. *Khimmat*, *Ali*, and *Jackin* did not address the issue of standing, which this Court believes cannot be ignored. Further, although both *Keller* and *Thomas* found Article III standing existed in a FDCPA letter vendor case, both cases were decided in August 2021, before *Hunstein I* was vacated in November 2021, and were based on the reasoning in *Hunstein I*. Since the recent decision in *Hunstein II* found no Article III standing in an FDCPA letter vendor case, *Keller* and *Thomas* are not persuasive.

Plaintiff clearly lacks Article III standing, and therefore, this Court lacks subject matter jurisdiction over her case and it must be dismissed.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's Complaint is dismissed and Defendants' Motion for Judgment on the Pleadings is denied as moot.